There seems to be several aspects to this case, whether the writ was abusive, or there was an abuse of the writ in this case, also the magistrate's factual determinations and whether they were supported adequately by the record. The matter we briefed as best we could, and I believe that in this case the information that was raised in the second writ was not readily available to Lionel Tholmer. That he went through two separate murder trials. The second one was after his writ was filed in the Placer County homicide, which is what's before you now. All sorts of things were developed by his attorney in that, Mr. Blasier of O.J. Simpson fame, and that became information that Mr. Tholmer. Kennedy. What does that mean, Mr. Blasier? Blasier, he did the DNA in the O.J. Simpson case, which was one of the big cases a few years ago. It doesn't matter much. I just he was the attorney in the Ola County case. You don't think that was a fair trial? Which one? O.J. Simpson. Well, I didn't say it wasn't a fair trial. I don't know. I don't watch a lot of television about court because I do it all day long. But in any event, Mr. He was representing Tholmer in Ola County. He discovered the things that we set out in our brief that formed the basis of this. And none of that had come to light to Mr. Tholmer. So when he files his successive or second writ about this, it appears that under the authorities that are cited here, he should have been allowed to proceed. The facts underlying the conviction are such that as things develop, shown in the second writ, all sorts of mistakes were made in the handling of the case by the district attorney's office in Placer, as well as police, some of which would have been highly germane to a jury. And the cumulative effect of all of these things were such that it appears that his trial was unfair. Remember, this was a self-defense issue. He didn't dispute shooting John Meadows. The perhaps key questions were who had the gun, whether Meadows was violent toward other people, and therefore logically against Tholmer to support his claim. Tholmer got himself in trouble not only by being with John Meadows and killing John Meadows, but also by burning the body. The evidence that the state brought out in the first trial that this person was somehow burned alive is the kind of thing that would make any jury's hair stand on end. That wasn't true. They brought in a gun. When everything was finished in Yolo County, what happened was it turned out that the police were pressuring an individual. He brought them the wrong gun. They said, no, no, that's not what we want. What we need is this type of gun. And lo and behold, he brings that type of gun a few days later, as suggestive a situation of finding evidence as you'll ever see. None of that was before the court. None of that was before the jury. All of that is why we believe that the second writ should have been fully heard on its merits and that the petition should have been granted. I'm happy to take questions. Thank you very much. I've got five minutes if I need for rebuttal. The next time you're here, instead of giving you 10, we'll give you 15. Done. I appreciate that. It's called a rain check. I'll buy the paper list. Would you? Yes. And after you listen to it, please destroy it. May it please the Court. My name is Susan Bunting, and I'm representing Respondent Appelli in this case. We're here on a motion to dismiss, and the standard of review in this case is abuse of discretion. It's certainly my position that the district court did not abuse its discretion in denying that these claims go forward. With respect to the Dr. Cunha, who was the pathologist who testified in this case, his testimony at Mr. Thalmer's trial that's at issue here, the Placer County trial, was that he had the ---- Well, the counsel hadn't brought any of that up, did he, in his statement? Well, he was just talking about the fact that there were inconsistencies in the subsequent Yolo County. In general. In general. This is one of them. You know, actually, if the Court would just like to ask questions, and I could address that specifically with respect to any of the individual issues. Do you think he meets the cause standard? Excuse me? Cause? The cause for not ---- He has to get rid of abuse. You know, part of the abuse is a writ doctrine. It's cause and prejudice. Okay. Primarily ---- But most of the information that he relies on in filing this second petition is information that he learns at the second murder trial. That's correct, Your Honor. Do you think that's sufficient to meet the cause standard? I think that's sufficient to meet the cause standard. Then all we're really talking about is whether any of this was prejudicial. It is prejudiced. And that's primarily our argument. None of these alleged inconsistencies amounted to anything that would have ---- that could have made a difference in the verdict. So there's some indication that the VA file was in his hands in sufficient time in ways that cause ---- that he wouldn't have cause for that. With respect to that claim, there is no question, Your Honor, there was actually just kind of an interesting sidelight during the first ---- the Placer County trial. It was during a 402 hearing with respect to the prosecution trying to qualify an expert, Dr. Yarvis, to testify for the defense. And it was clear from the transcript of that 402 hearing that defense counsel ---- the VA records we're talking about, it's a voluminous stack of records approximately that thick, approximately three inches thick. And it's clear during that hearing that defense counsel had the records and that the prosecutor had never seen them before. So with respect certainly to that claim, that the cause standard hasn't been met. But the position that I've had all along is that there is no prejudice. Would not have made a difference at the trial. Would not have made a difference. None of these claims would have made a difference. I have nothing more unless the Court has further questions. Thank you. All right.  We'll have the rebuttal. I'll only say that there were several things. And the cumulative effect of all of them undercut the prosecution case significantly. I think that this is just now a factual determination by you based on the record as a whole. And I'll submit it unless there are other questions. All right. Thank you. And this Court will, for this session, will adjourn and have a good weekend. And thanks for being here. And we'll see you later. Don't forget, tomorrow's Navy Day. You're going to watch the Blue Angels. Huh? Yeah. You already got to hang around here. You can get a, matter of fact, yeah. All right.
judges: Pregerson, Beam Paez